UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50024
Summary Calendar
_____

GERALD HALL

Plaintiff-Appellant,

versus

RON BENTON, Individually and in His Official
Capacity as Police Officer for the City of Midland

Defendants,

RON BENTON, Individually and in His Official
Capacity as Police Officer for the City of Midland;
CHARLIE BLANKENSHIP, Agent, United States Secret Service;
BOBBY WELBORN, Individually and in His Official
Capacity as Police Officer for the City of Midland;
RON SARTOR; JESS THOMPSON; PEGGY THOMPSON;
CITY OF MIDLAND, TEXAS; FRATERNAL ORDER
OF POLICE, LODGE 11,

Defendants-Appellees.

_____

LEONARD D. HENDON, JR.,

Plaintiff-Appellant,

versus

RON BENTON, Midland Police Department, et al.,

Defendants,

RON BENTON, Midland Police Department; CHARLIE BLANKENSHIP,
United States Secret Service; CITY OF MIDLAND, TEXAS; JESS
THOMPSON; PEGGY THOMPSON; BOBBY WELBORN, Midland Police
Department; RON SARTOR, Midland Police Department;
FRATERNAL ORDER OF POLICE, LODGE 11
RICHARD CZECH; DAMON SHUPP; DAVID WILKE,

Defendants-Appellees.

_____

**Appeal from the United States District Court
for the Western District of Texas
(No. 94-CV-129)**

**November 19, 1998**

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellants Gerald Hall and Leonard D. Hendon, Jr. appeal the district court's denial of attorney's fees to Appellants and the imposition of costs against Appellants' counsel for filing a motion. We **AFFIRM**.

I.

In June 1993, Appellees Jess and Peggy Thompson, while listening to their scanner, overheard a telephone conversation between the Appellants, recorded it, and played it for the other Appellees. Two weeks later, the Appellees informed the Appellants of the recording and played part of it for them.

After unsuccessfully attempting to initiate criminal charges against the Appellees, Appellants filed the present action, presenting various claims against the Appellees. The only issue the district court submitted to the jury was whether the Thompsons' interception and disclosure of the conversation was a violation of 18 U.S.C. § 2511(1)(a) and (d). The jury returned a verdict in favor of the Appellants; however, the district court refused to award damages, finding the violations to be *de minimis*. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court also refused to award attorney's fees to the Appellants.

## II.

### A.

Under 18 U.S.C. § 2520 (b)(3), a party establishing an interception of wire communication may recover "a reasonable attorney's fee and other litigation costs reasonably incurred". Appellants assert that, because they prevailed on a significant issue, the district court erred in refusing to award attorney's fees. We review that denial for an abuse of discretion. *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1052 (5th Cir. 1998).

In *Hidden Oaks*, our court affirmed the denial of attorney's fees under 42 U.S.C. § 1988, where the prevailing party was awarded only nominal damages. *Id*. at 1052-53. Our court stated that, "in determining the reasonableness of a fee award, courts must consider 'the degree of the plaintiff's overall success,' recognizing that often a plaintiff who 'seeks compensatory damages but receives no more than nominal damages' will be the kind of prevailing party that merits no attorney's fee at all". *Id*. at 1052, *quoting* *Farrar v. Hobby*, 506 U.S. 103, 114-15 (1992). Here, the Appellants were not awarded any damages. Thus, under the reasoning of *Hidden Oaks*, the district court did not abuse its discretion in denying attorney's fees.

### B.

Appellants also challenge the imposition of costs on Gerald Fugit, their counsel. After Fugit moved for sanctions against

Terry Rhoads, an attorney representing some of the Appellees, the district court concluded that both the filing and pursuit of the motion was "unjustified" and assessed Rhoads' expenses against Fugit. The district court based its order on FED. R. CIV. P. 37(a)(4)(B), which states that, when a discovery motion is denied, the district court shall

> require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

First, although the notice of appeal under FED. RULE APP. PRO. 3(c) should have designated the costs order as one of the items appealed from, we nevertheless have jurisdiction as to this issue. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988) (holding that FED. R. APP. PRO. 3 is jurisdictional in nature). In *United States v. Rochester*, 898 F.2d 971, 976 n.1 (5th Cir. 1990), our court stated that "[f]ailure to properly designate the order appealed from ... may be cured by an indication of intent in the briefs or otherwise". *See also United States v. Knowles*, 29 F.3d 947, 950 (5th Cir. 1994) (finding jurisdiction over appeal from order not specified in notice of appeal where defendant demonstrated intent to appeal the order in his briefs); *Turnbull v. United States*, 929 F.2d 173, 177-78 (5th Cir. 1991) (finding jurisdiction where intent to appeal could be "fairly inferred" and there was no prejudice to other party). Again, the notice of

- 4 -

appeal did not list the order imposing costs on Fugit; but, the Appellants' brief discussed this issue, indicating an intent to appeal the order.  Further, the Appellees do not assert that they were prejudiced by the omission; and they were able to fully respond in their brief.

In reviewing the district court's order, we find no abuse of discretion.  *See* ***Guidry v. Continental Oil Co.***, 640 F.2d 523, 533 (5th Cir. 1981) (finding that district courts have "broad discretion" in imposing sanctions under Rule 37).

### III.

Accordingly, the denial of attorney's fees to the Appellants and the imposition of certain costs against their counsel are

***AFFIRMED.***